R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Plaintiff
DOT Operating Authority Inc.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOT Operating Authority Inc., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOT Operations, Inc., a California Corporation, Narek Matshkalyan, an individual; and Yuri Sarkisyan, an individual,<br><br>Defendants. | Case No. 2:24-cv-03173-SPG-AS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiff DOT Operating Authority Inc. (hereinafter, "DOT OPERATING" or "Plaintiff") hereby complains against Defendants DOT Operations, Inc., Narek Matshkalyan, and Yuri Sarkisyan (hereinafter, "Defendants") as follows:

1.    This is a civil action for trademark and trade dress infringement arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*.; copyright infringement arising under 17 U.S.C. § 101 *et seq*.; and related causes of action under California statutory and common law.

## I.    THE PARTIES

2.    Plaintiff DOT Operating Authority Inc. is a California Corporation conducting business at 2009 W. Burbank Blvd., Burbank, CA 91506.

3.    Upon information and belief, Defendant DOT Operations, Inc. ("DOT OPERATIONS") is a California Corporation, which has its principal place of business at 10160 Leona St., Tujunga, CA 91042.

4.    Defendant Narek Matshkalyan ("MATSHKALYAN") is the owner, Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant DOT OPERATIONS.    Upon information and belief, MATSHKALYAN resides at and conducts the business of DOT OPERATIONS at 10160 Leona St., Tujunga, County of Los Angeles. CA 91042.

5. Defendant Yuri Sarkisyan ("SARKISYAN") conspired with Defendant MATSHKALYAN to create, launch, and maintain the Counterfeit Websites described below.    SARKISYAN worked for Plaintiff before launching the

TROJAN LAW OFFICES
BEVERLY HILLS

Counterfeit Websites described below, regularly engaging with the Plaintiff's websites as part of his employment duties. SARKISYAN resides in Armenia and purposefully engages with the other defendants in this Judicial District to carry out the violations of law described herein. For all causes of action, SARKISYAN is personally liable for direct infringement and/or for contributory infringement for facilitating the copyright, trademark, and trade dress infringement by the other Defendants.

## II. JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction under 28 U.S.C. §1331 and §1338(a) over Plaintiff's trademark, trade dress, and copyright infringement claims arising under 15 U.S.C. § 1051, *et seq*. for trademark and trade dress infringement and arising under 17 U.S.C. § 101 *et seq* for copyright infringement. The Court has federal question jurisdiction under 15 U.S.C. § 1125(a) over Plaintiff's false advertising claim.

7.  Plaintiff is informed and believe, and on that basis alleges, this Court has personal jurisdiction over Defendants because they reside within, and/or conduct business within, this judicial district; Defendants have caused their services to be advertised, promoted, and sold from this judicial district; and the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the acts complained of herein have been, and are being committed,

in this judicial district.

## III.    FACTUAL BACKGROUND

9.    DOT OPERATING was founded in 2017 as a way to provide assistance with legal paperwork and compliance filings for those in the trucking industry to meet federal and state transportation requirements.  These Trucking Support Services include, but are not limited to, any of the following: (a) providing services in connection with the U.S. Department of Transportation as an e-provider to help certify truck drivers; (b) providing license filing services, as well as helps truck drivers obtain permits, such as their motor carrier permit; (c) assisting carriers file their UCR as a UCR.gov certified third-party provider; (d) assist with obtaining and filing all mandatory permits, taxes, and authorities for the trucking industry under authority granted by the FMCSA, USDOT, and the IRS; (e) working with state agencies across the United States, such as the state Departments of Transportation, as an e-provider to assure that all filings are compliant on the state and federal level; and/or (f) working with the state of Oregon to obtain all Oregon specific permits for their truck driving clients. (hereinafter, "Trucking Support Services")

10.    On information and belief, in 2022, Defendant MATSHKALYAN hatched a plan with Defendant SARKISYAN to create copycat websites that duplicated much of content from Plaintiff's websites in order to lead customers to believe that they were using Plaintiff's services. To carry out this counterfeiting scheme, Defendant MATSHKALYAN formed Defendant DOT OPERATIONS to

TROJAN LAW OFFICES
BEVERLY HILLS

mimic the name of DOT OPERATING across all of Defendants' websites. On December 5, 2022, Defendants began executing on their counterfeiting scheme by launching UCRregister.online, which copied heavily from Plaintiff's UCR.online and DOToperatingauthority.com websites. On August 9, 2023, the Defendants continued with the unlawful scheme by launching newmexicoweightdistancepermit.com, copying heavily from two of Plaintiff's websites: newmexicoweightdistance.com and DOToperatingauthority.com. About two months later on October 14, 2023, Defendants launched kentuckyweightpermit.online, which copied heavily from three of Plaintiff's websites: kentuckyweightdistance.com, UCR.online, and DOToperatingauthority.com.

11. The Defendants' three websites UCRregister.online, newmexicoweightdistancepermit.com, and kentuckyweightpermit.online (hereinafter, "Counterfeit Websites"), all use and infringe upon the Plaintiff's copyrighted text and layout, Plaintiff's trade dress, and Plaintiff's trademarks. In addition to these intellectual property violations, Defendants have also engaged in false advertising by making the following claim on each of the Counterfeit Websites:

> Our company's founder has been providing exceptional services in the field of auto transportation since 2006. We are a family business within the Auto Transport Industry. We started to help truck drivers across the US with their commercial registrations and filings in 2017. The company has since grown to meet the needs of each individual commercial truck driver.

Such claims are literally false on their face because Defendant DOT

TROJAN LAW OFFICES
BEVERLY HILLS

OPERATIONS was founded in 2022; not 2017 as claimed. Defendant MATSHKALYAN, the founder of DOT OPERATIONS, has only recently entered the business; he has not been in the business since 2006 as claimed. Defendants make these false claims to give the false impression that Defendants have far more experience than they actually have when in fact they are new to the business. It also is misleading to consumers because it duplicates the true history of Plaintiff DOT OPERATING thereby further giving the false impression that DOT OPERATIONS' services are originating from DOT OPERATING. Such false advertising unfairly competes with Plaintiff and harms the consuming public.

12.    On information and belief, Defendant MATSHKALYAN directed the creation and launch of UCRregister.online and supervised and managed the website with the assistance of Defendant SARKISYAN since its inception. As the owner of Defendant DOT OPERATIONS, Defendant MATSHKALYAN is the primary beneficiary of illicit profits earned by Defendant DOT OPERATIONS by copying Plaintiff's website.

## IV. FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT OF UCR.ONLINE WEBSITE

(Against All Defendants)

13.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 12.

14.    The Trucking Support Services offered by Plaintiff DOT OPERATING

TROJAN LAW OFFICES
BEVERLY HILLS

have been online since at least as early as 2017 and for its UCR.online website since at least as early as May 21, 2022.   The UCR.online website was built by Plaintiff with its own original layout and content for which Plaintiff has obtained Copyright Registration No. TX 9-338-240 (hereinafter, '240 Registration).   *See* Exhibit 1. Plaintiff DOT OPERATING is the owner of the '240 Copyright Registration for the UCR.online website.

15.    Upon information and belief, Defendants had access to UCR.online website because Defendant MATSHKALYAN conspired with SARKISYAN to help create, launch, and maintain the Counterfeit Websites.   SARKISYAN worked for Plaintiff before launching the Counterfeit Websites, regularly engaging with the Plaintiff's websites as part of his employment duties.   Defendants also had access to the copyrighted work because it was and is publicly displayed on the Internet.   In addition, the verbatim copying of sections of the website gives rise to a presumption of access, which defendants cannot rebut in this case.   As a consequence, the element of access for copyright infringement is met.

16.    Defendants have reproduced, displayed, advertised, offered for sale, and distributed unauthorized copies of significant portions of Plaintiff's UCR.online website contained in the '240 Copyright Registration in connection with Defendants' UCRregister.online and kentuckyweightpermit.online websites.   To the extent that some portions have not been copied verbatim, the copyrighted portions of UCR.online's website have been used to create derivative works that are substantially

TROJAN LAW OFFICES
BEVERLY HILLS

the same as the original.  A representative sample of the infringing content is provided in Exhibits 8-9.

17. Plaintiff has not authorized the Defendants to copy any portion of UCR.online and has not authorized Defendants to create derivative works from the copyrighted content on UCR.online.

18. Defendants have therefore infringed, and are infringing, on the '240 Copyright Registration in violation of 17 U.S.C. § 501.

19. Defendants' infringement of the '240 Copyright Registration has been willful and deliberate.

20. As a result of Defendants' infringing conduct, Plaintiff has suffered actual damages and continue to suffer damages.

21. By reason of the foregoing, Plaintiff is entitled to recover the actual damages and any additional profits of the infringer under 17 U.S. Code § 504, in an amount to be proven at the time of trial.

22. Because Defendants have undertaken these acts willfully and intentionally, Plaintiff is entitled to enhanced damages under 17 U.S. Code § 504(c).

23. Plaintiff is entitled to impounding and disposition of infringing articles under 17 U.S. Code § 503 by taking over Defendants' Counterfeit Websites.

24. By reason of Defendants' acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury and Plaintiff will have no adequate remedy at law unless and until this Court enters an order enjoining

TROJAN LAW OFFICES
BEVERLY HILLS

Defendants from any further acts of copyright infringement.

## V. SECOND CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT OF DOTOPERATINGAUTHORITY.COM WEBSITE AGAINST ALL DEFENDANTS

25.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 24.

26.    In 2017, the dotoperatingauthority.com website was built by Plaintiff with its own original layout and content for which Plaintiff has obtained Copyright Registration No. TX 9-349-182 (hereinafter, '182 Registration).  *See* Exhibit 2. Plaintiff DOT OPERATING is the owner of the '182 Copyright Registration for the dotoperatingauthority.com website.

27.    Upon information and belief, Defendants had access to the Plaintiff's dotoperatingauthority.com website because Defendant MATSHKALYAN conspired with SARKISYAN to help create, launch, and maintain the Counterfeit Websites who worked for Plaintiff before launching the Counterfeit Websites, regularly engaging with the Plaintiff's websites as part of his employment duties.  Defendants also had access to the copyrighted work because it was and is publicly displayed on the Internet.  In addition, the wholesale verbatim copying of sections of the website gives rise to a presumption of access, which defendants cannot rebut in this case.  As a consequence, the element of access for copyright infringement is met.

28.    Defendants have reproduced, displayed, advertised, offered for sale, and

TROJAN LAW OFFICES
BEVERLY HILLS

distributed unauthorized copies of significant portions of Plaintiff's dotoperatingauthority.com website contained in the '182 Copyright Registration in connection with all three of the Counterfeit Websites.  To the extent that some portions have not been copied verbatim, the copyrighted portions of dotoperatingauthority.com website have been used to create derivative works that are substantially the same as the original. A representative sample of the infringing content is provided in Exhibit 10.

29. Plaintiff has not authorized the Defendants to copy any portion of dotoperatingauthority.com and has not authorized Defendants to create derivative works from the copyrighted content on dotoperatingauthority.com.

30. Defendants have therefore infringed, and are infringing, on the '182 Copyright Registration in violation of 17 U.S.C. § 501.

31. Defendants' infringement of the '182 Copyright Registration has been willful and deliberate.

32. As a result of Defendants' infringing conduct, Plaintiff has suffered actual damages and continue to suffer damages.

33. By reason of the foregoing, Plaintiff is entitled to recover the actual damages and any additional profits of the infringer under 17 U.S. Code § 504, in an amount to be proven at the time of trial.

34. Because Defendants have undertaken these acts willfully and intentionally Plaintiff is entitled to enhanced damages under 17 U.S. Code § 504(c).

35.    Plaintiff is entitled to impounding and disposition of infringing articles under 17 U.S. Code § 503 by taking over Defendants' Counterfeit Websites.

36.    By reason of Defendants' acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury and Plaintiff will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of copyright infringement.

## VI.  THIRD CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT OF NEWMEXICOWEIGHTDISTANCE.COM WEBSITE AGAINST ALL DEFENDANTS

37.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 36.

38.     In 2022, the newmexicoweightdistance.com website was built by Plaintiff with its own original layout and content for which Plaintiff has obtained Copyright Registration No. TX 9-342-229 (hereinafter, '229 Registration).   *See* Exhibit 3.    Plaintiff DOT OPERATING is the owner of the '229 Copyright Registration for the newmexicoweightdistance.com website.

39.    Upon  information  and  belief,  Defendants  had  access  to newmexicoweightdistance.com  website  because  Defendant  MATSHKALYAN conspired with SARKISYAN to help create, launch, and maintain the Defendants' newmexicoweightdistancepermit.com website.  SARKISYAN worked for Plaintiff before launching newmexicoweightdistancepermit.com, regularly engaging with the

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiff's websites as part of his employment duties. Defendants also had access to the copyrighted work because it was and is publicly displayed on the Internet. In addition, the verbatim copying of sections of the website gives rise to a presumption of access, which defendants cannot rebut in this case. As a consequence, the element of access for copyright infringement is met.

40.    Defendants have reproduced, displayed, advertised, offered for sale, and distributed unauthorized copies significant portions of Plaintiff's newmexicoweightdistance.com website contained in the '229 Copyright Registration in connection with Defendants' newmexicoweightdistancepermit.com website. To the extent that some portions have not been copied verbatim, the copyright portions of the newmexicoweightdistance.com website have been used to create derivative works that are substantially the same as the original. A representative sample of the infringing content is provided in Exhibit 11.

41. Plaintiff has not authorized the Defendants to copy any portion of newmexicoweightdistance.com and has not authorized Defendants to create derivative works from the copyrighted content on newmexicoweightdistance.com.

42.    Defendants have therefore infringed, and are infringing, on the '229 Copyright Registration in violation of 17 U.S.C. § 501.

43.    Defendants' infringement of the '229 Copyright Registration has been willful and deliberate.

44.    As a result of Defendants' infringing conduct, Plaintiff has suffered

actual damages and continue to suffer damages.

45.    By reason of the foregoing, Plaintiff is entitled to recover the actual damages and any additional profits of the infringer under 17 U.S. Code § 504, in an amount to be proven at the time of trial.

46.    Because Defendants have undertaken these acts willfully and intentionally, Plaintiff is entitled to enhanced damages under 17 U.S. Code § 504(c).

47.    Plaintiff is entitled to impounding and disposition of infringing articles under 17 U.S. Code § 503 by taking over Defendants' website.

48.    By reason of Defendants' acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury and Plaintiff will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of copyright infringement.

## VII.  FOURTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT OF KENTUCKYWEIGHTDISTANCE.COM WEBSITE AGAINST ALL DEFENDANTS

49.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 48.

50.    In 2022, the kentuckyweightdistance.com website was built by Plaintiff with its own original layout and content for which Plaintiff has obtained Copyright Registration No. TX 9-342-227 (hereinafter, '227 Registration).  *See* Exhibit 4. Plaintiff DOT OPERATING is the owner of the '227 Copyright Registration for the

-12-

kentuckyweightdistance.com website.

51.    Upon    information    and    belief,    Defendants    had    access    to kentuckyweightdistance.com    website    because    Defendant    MATSHKALYAN conspired with SARKISYAN to help create, launch, and maintain the Defendants' kentuckyweightpermit.online website.    SARKISYAN worked for Plaintiff before launching kentuckyweightpermit.online, regularly engaging with the Plaintiff's websites as part of his employment duties.    Defendants also had access to the copyrighted work because it was and is publicly displayed on the Internet.    In addition, the verbatim copying of sections of the website gives rise to a presumption of access, which defendants cannot rebut in this case.    As a consequence, the element of access for copyright infringement is met.

52.    Defendants have reproduced, displayed, advertised, offered for sale, and distributed    unauthorized    copies    significant    portions    of    Plaintiff's kentuckyweightdistance.com website contained in the '227 Copyright Registration in connection with Defendants' kentuckyweightpermit.online website.    To the extent that some portions have not been copied verbatim, the copyright portions of the kentuckyweightdistance.com website have been used to create derivative works that are substantially the same as the original. A representative sample of the infringing content is provided in Exhibit 12.

53. Plaintiff has not authorized the Defendants to copy any portion of kentuckyweightdistance.com and has not authorized Defendants to create derivative

TROJAN LAW OFFICES
BEVERLY HILLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

works from the copyrighted content on kentuckyweightdistance.com.

54.     Defendants have therefore infringed, and are infringing, on the '227 Copyright Registration in violation of 17 U.S.C. § 501.

55.     Defendants' infringement of the '227 Copyright Registration has been willful and deliberate.

56.     As a result of Defendants' infringing conduct, Plaintiff has suffered actual damages and continue to suffer damages.

57.     By reason of the foregoing, Plaintiff is entitled to recover the actual damages and any additional profits of the infringer under 17 U.S. Code § 504, in an amount to be proven at the time of trial.

58.     Because Defendants have undertaken these acts willfully and intentionally Plaintiff is entitled to enhanced damages under 17 U.S. Code § 504(c).

59.     Plaintiff is entitled to impounding and disposition of infringing articles under 17 U.S. Code § 503 by taking over Defendants' website.

60.     By reason of Defendants' acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury and Plaintiff will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of copyright infringement.

**VIII.  FIFTH CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT**

**OF THE DOT OPERATING AUTHORITY MARK**

**UNDER 15 U.S.C. § 1125(a) AGAINST ALL DEFENDANTS**

TROJAN LAW OFFICES
BEVERLY HILLS

61.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 60.

62.    Plaintiff DOT OPERATING is the owner of the service mark DOT OPERATING AUTHORITY, which have been used continuously in commerce since June, 2017 in connection with the Plaintiff's Trucking Support Services.    DOT OPERATING AUTHORITY is distinctive on its own for the services offered. Alternatively, DOT OPERATING AUTHORITY has acquired secondary meaning as the name of the source of Plaintiff's Trucking Support Services.

63.    Plaintiff DOT OPERATING has the exclusive right to use the DOT OPERATING AUTHORITY service mark in connection with Trucking Support Services in commerce in the United States.

64.    Defendants have used, and are using, in interstate commerce the mark DOT OPERATIONS, which is confusingly similar to Plaintiff's DOT OPERATING AUTHORITY service mark.    Such conduct is without Plaintiff's authorization in violation of Plaintiff's rights under the Lanham Act.

65.    Defendants are using the Infringing DOT OPERATIONS name on all three of its Counterfeit Websites in connection with the sale, offering for sale, distribution, or advertising of Trucking Support Services in a manner likely to cause confusion, or to cause mistake, or to deceive consumers as between Defendants' services and Plaintiff's services.

66.    Defendants have therefore infringed, and are infringing, on Plaintiff's

Lanham Act rights in violation of 15 U.S.C. § 1125(a).

67.     By reason of the foregoing, Plaintiff is entitled to (1) disgorgement of Defendants' profits, (2) all damages sustained by Plaintiff, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

68.     Because Defendants have undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiff's goodwill, Plaintiff is entitled to treble damages and recovery of their attorneys' fees, costs, and expenses associated with this action.

69.     By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury and Plaintiff will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

## IX. SIXTH CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT OF UCR.ONLINE UNDER 15 U.S.C. § 1125(a) AGAINST ALL DEFENDANTS

70.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 69.

71.     Plaintiff DOT OPERATING is the owner of the service mark UCR.online, which have been used continuously in commerce since May 2022 in connection with the Plaintiff's Trucking Support Services.  UCR.online has acquired secondary meaning as the name of the source of Plaintiff's Trucking Support

TROJAN LAW OFFICES
BEVERLY HILLS

Services.

72.    For this website, Plaintiff uses the service mark, UCR.online, to identify its Trucking Support Services.  UCR.online has a first meaning as a description of Unified Carrier Registrations online.   But since May, 2022, UCR.online has acquired a second meaning as the name of Plaintiff's Trucking Support Services through Plaintiff's promotion of the mark and consumer recognition of the mark.  As a result of such secondary meaning, Plaintiff has acquired trademark service marks rights under the Lanham Act to use UCR.online exclusively for the Trucking Support Services offered by Plaintiff.

73.  Plaintiff DOT OPERATING has the exclusive right to use the UCR.online service mark in connection with Trucking Support Services in commerce in the United States.

74.    Defendants have used, and are using, in interstate commerce the name UCRregister.online, which is confusingly similar to Plaintiff's UCR.online service mark.  Such conduct is without Plaintiff's authorization in violation of Plaintiff's rights under the Lanham Act.

75.    Defendants are using the infringing name UCRregister.online in connection with the sale, offering for sale, distribution, or advertising of Trucking Support Services in a manner likely to cause confusion, or to cause mistake, or to deceive consumers as between Defendants' services and Plaintiff's services.

76.    Defendants have therefore infringed, and are infringing, on Plaintiff's

TROJAN LAW OFFICES
BEVERLY HILLS

Lanham Act rights in violation of 15 U.S.C. § 1125(a).

77.    By reason of the foregoing, Plaintiff is entitled to (1) disgorgement of Defendants' profits, (2) all damages sustained by Plaintiff, and (3) the costs of the action under 15 U.S.C. § 1117(a), in an amount to be proven at the time of trial and believed to be at least $1,000,000.00.

78.    Because Defendants have undertaken these acts willfully, intentionally, and with the intent to profit from Plaintiff's goodwill, Plaintiff is entitled to treble damages and recovery of its attorneys' fees, costs, and expenses associated with this action.

79.    By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury and Plaintiff will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

## X. SEVENTH CAUSE OF ACTION FOR TRADE DRESS INFRINGEMENT OF UCR.ONLINE UNDER 15 U.S.C. § 1125(a) AGAINST ALL DEFENDANTS

80.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 79.

81.    Plaintiff has valid and protectable trade dress rights in the look and feel of the UCR.online website. The UCR.online Trade Dress is non-functional and inherently distinctive, in commercial use, and has acquired substantial secondary

meaning. The UCR.online Trade Dress is recognized by clients and their familiarity with the trade dress increases brand loyalty for clients using Plaintiff's Trucking Support Services.

82.    Clients have come to rely upon the UCR.online Trade Dress as a sign of the quality and reputation of the Trucking Support Services originating from Plaintiff.

83.    Defendants have used, and are using, in interstate commerce significant portions of the UCR.online Trade Dress on all three Defendants' Counterfeit Websites such as to create the same overall commercial impression thereby leading clients to believe that all three of Defendants' Counterfeit Websites are the same as, or connected to, Plaintiff's UCR.online.  The copying of Plaintiff's trade dress has been without Plaintiff's consent.

84.    A representative sample of the infringement of Plaintiff's trade dress is illustrated by the comparison of the web pages from Plaintiff's UCR.online web site and Defendant's Counterfeit Websites as shown in Exhibit 5 at pages 1-2, Exhibit 6 at pages 1-2, and Exhibit 7 at pages 1-2.

85.    Defendants are liable to Plaintiff because the appearance of the infringing Counterfeit Websites is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' Trucking Support Services by Plaintiff.

86.    Defendants have infringed Plaintiff's trade dress and created a false

designation of origin by distributing, offering for sale, selling, and/or promoting in commerce Trucking Support Services without Plaintiff's permission. Defendants' intent was to unfairly compete against Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among clients and the public, and to deceive the public into believing that the infringing website is associated with, sponsored by, or approved by Plaintiff, when it is not.

87.    Defendants' infringing acts have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from continuing to engage in their ongoing infringement of Plaintiff's trade dress, for which Plaintiff has no adequate remedy at law. Defendants' acts of infringement also have economically injured Plaintiff in an amount that is presently undetermined.

88.    Plaintiff is entitled to recover monetary damages from Defendants adequate to compensate Plaintiff for damages and profits Defendants have obtained by infringing Plaintiff's trade dress, according to proof at trial. Plaintiff also requests that this Court grant an injunction against Defendants to prevent future violations of Plaintiff's trade dress rights including Plaintiff's rights under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) due to the irreparable harm caused to Plaintiff.

89.    Plaintiff is informed and believe that Defendants had actual knowledge of Plaintiff's UCR.online trade dress by virtue of the fact that Defendant SARKISYAN worked for Plaintiff and had an intimate knowledge of the Plaintiff's

UCR.online website.   Defendants are willfully violating Plaintiff's trade dress rights under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), by infringing Plaintiff's trade dress in connection with the offer for sale, advertisement, and sale of Defendants' Trucking Support Services. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) entitling Plaintiff to treble damages and its reasonable costs, including attorneys' fees.

## XI.  EIGHTH CAUSE OF ACTION:
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a) AGAINST ALL DEFENDANTS

90.    Plaintiff DOT OPERATING realleges paragraphs 1 through 89 as though fully set forth herein.

91.   Defendants have engaged in false advertising by making the following claim on each of the Counterfeit Websites:

> Our company's founder has been providing exceptional services in the field of auto transportation since 2006. We are a family business within the Auto Transport Industry. We started to help truck drivers across the US with their commercial registrations and filings in 2017. The company has since grown to meet the needs of each individual commercial truck driver.

The factual claims in the above statement ("False Claims") are literally false on their face because Defendant DOT OPERATIONS was not founded in 2017 as claimed, but rather was founded in 2022.  The above claim is also literally false because Defendant MATSHKALYAN, who is the founder of DOT OPERATIONS,

TROJAN LAW OFFICES
BEVERLY HILLS

has not been in the transportation industry since 2006 as stated in the False Claims.

92.  Defendants have made the False Claims to give the false impression that Defendants have far more experience than they actually have.    This provides customers with a false sense of security that DOT OPERATIONS has years of experience when in fact it is new to the business.    The False Claims are also misleading to consumers because they hijack the true history of Plaintiff DOT OPERATING thereby giving the false impression that DOT OPERATIONS has the same founder and long history as Plaintiff.

93.  Defendants' conduct constitutes false advertising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) because Defendants are using the above false statements in connection with their services on the Counterfeit Websites wherein the statements are false and/or constitute a misleading description of the facts, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such Defendants with the Plaintiff.  Such statements also constitute false advertising under the Lanham Act because the statements are made in commercial advertising or promotion and misrepresent the nature, characteristics, qualities of the Defendants' services and/or commercial activities and such statements would be material to the consumer.

94.    As a result of Defendants' false advertising, DOT OPERATING is entitled to recover its actual damages as well as Defendants' profits from such conduct and injunctive relief.    Since such conduct was clearly willful, intentional,

and knowing, the case is exceptional within the meaning of 15 U.S.C. § 1117(a). Accordingly, Plaintiff is entitled to treble damages and its reasonable costs, including attorneys' fees.

95.    By reason of Defendants' acts of false advertising, Plaintiff has suffered and will continue to suffer irreparable injury and Plaintiff will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of false advertising.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a.    A preliminary and permanent injunction barring Defendants and all of their agents, officers, attorneys, successors, and assigns from marketing, using, selling, and/or offering for sale any Trucking Support Services that infringe Plaintiff's rights in its copyrights, trademarks, and trade dress or that rely on false advertising as alleged herein;

b.    That Defendants be adjudged to have violated 17 U.S. Code § 501, *et seq.*, by infringing Plaintiff's copyrights alleged herein;

c.    That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive, or misleading trademarks and trade dress;

d.    That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by engaging in false advertising;

TROJAN LAW OFFICES
BEVERLY HILLS

e.      A judgment of at least $1,000,000 against the Defendants pursuant to 17 U.S. Code § 501, *et seq.*;

f.      The actual damages and any additional profits of the infringer under 17 U.S. Code § 504.

g.      Enhanced or increased damages under 17 U.S. Code § 504(c).

h.      Plaintiff is entitled to impounding and disposition of the infringing websites under 17 U.S. Code § 503.

i.      Plaintiff is entitled to attorneys' fees and costs under 17 U.S. Code § 505.

j.      A judgment of at least $1,000,000 against the Defendants or damages according to proof pursuant to the Lanham Act;

k.      Treble damages and attorney fees for Defendants' willful infringement pursuant to the Lanham Act;

l.      Pre-judgment interest and post-judgment interest in the maximum amount permitted by law; and

m.      Award Plaintiff reasonable attorney's fees, costs, disbursements, and interest as provided by law;

n.      Order that the amount of any damages, profits, or other monetary relief obtained or granted be increased or trebled as provided by law;

o.      Any and all other relief that the Court deems proper.

**XIII. DEMAND FOR JURY TRIAL:**

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demand a jury trial in accordance therewith.

Respectfully submitted,

TROJAN LAW OFFICES

By:

Dated: January 22, 2025

/s/R. Joseph Trojan
R. Joseph Trojan
Dylan C. Dang
Attorneys for Plaintiff DOT
Operating Authority Inc.